UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LEE'S FIFTH AVENUE LTD.,  :  22-CV-3434

Plaintiff,  :  **COMPLAINT**
   -against-
 
BLUE STAR IMPORTS INC.,  :

Defendant.  :
-----------------------------------------------------------X

## NATURE OF THE CASE

1. Plaintiff LEE'S FIFTH AVENUE LTD. ("Plaintiff" or "Lee's") brings this action against Defendant BLUE STAR IMPORTS INC. ("Defendant" or "Blue Star") for breach of contract and seeks money damages in an amount to be proven at trial, but no less than $109,163.00, exclusive of pre-judgment interest.

## PARTIES

2. Plaintiff Lee's is a Jamaican corporation with its principal place of business at 12-14 Constant Spring Road, Kingston 10, Jamaica.

3. Defendant Blue Star is a New York corporation with its principal place of business at 1400 Avenue Z, Brooklyn, NY 11235.

## JURISDICTION AND VENUE

4. This Court is vested with original jurisdiction over the claims herein pursuant to Title 28, United States Code, Section 1332, in that this is a civil action wherein the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and is between citizens of a state and citizens or subjects of a foreign state.

5. Venue is proper in this District pursuant to Title 28, United States Code, Sections 1391(b)(1) and (2) in that a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this District, and one or more defendants resides in this District.

**STATEMENT OF FACTS**

6. Lee's is a retail clothing store that operates in two locations on the island of Jamaica. Given its locale, Lee's offerings are focused on island- and beach-wear.

7. Lee's had paid $105,543 to Blue Star in order to receive terry bath towels, and polo and t-shirts, for retail sale.

8. Despite due demands, Blue Star has refused to deliver, or make available for delivery, those goods.

9. In fact, on three (3) separate occasions Lee's and the principal of Blue Star had agreed that the goods were available to be picked up by the freight forwarder company, Antilles Freight Corporation, that Lee's uses.

10. On three (3) separate occasions, Lee's goods were not available despite "agreement." Instead, Lee's paid the forwarder for those trips, in vain.

11. Subsequent attempts at communication with Blue Star have been to no avail, making this litigation unfortunately necessary

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

12. Plaintiff repeats and realleges paragraphs 1 through 11 as if fully set forth herein.

13. Plaintiff and Defendant entered into a valid and binding agreement.

14. Plaintiff fully performed on that agreement.

15. Defendant has breached that agreement.

16. Plaintiff has been damaged thereby, in an amount to be proven at trial, but no event less than $109,163.00, exclusive of pre-judgment interest at the prevailing judicial rate of nine-percent (9%) per annum.

## SECOND CAUSE OF ACTION
### (Promissory Estoppel)

17. Plaintiff repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

18. Defendant made a clear and unambiguous promise(s) to Plaintiff.

19. It was reasonable and foreseeable that Plaintiff would rely on that promise(s).

20. Plaintiff did so rely on that promise(s).

21. Plaintiff relied on that promise(s) to his detriment.

22. Plaintiff has been damaged that reliance, in an amount to be proven at trial, but no event less than $109,163.00, exclusive of pre-judgment interest at the prevailing judicial rate of nine-percent (9%) per annum.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

23. Plaintiff repeats and realleges paragraphs 1 through 22 as if fully set forth herein.

24. Defendant was enriched in the amount of $105,543 of funds belonging to the Plaintiff.

25. Defendant's enrichment was at Plaintiff's expense in the amount of $105,543.

26. It would be against equity and good conscience to permit Defendant to keep $105,543 of Plaintiff's funds.

## FOURTH CAUSE OF ACTION
### (Money Had and Received)

27. Plaintiff repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

28. Defendant received money in the amount of $105,543 belonging to the Plaintiff.

29. Defendant benefitted from the receipt of $105,543 of Plaintiff's money.

30. Defendant should not be permitted to keep $105,543 of Plaintiff's funds.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a) on the First Cause of Action, a judgment in the amount of $109,165, and;

b) on the Second Cause of Action, a judgment in the amount of $109,165, and

c) on the Third Cause of Action, a judgment in the amount of $105,543, and

d) on the Fourth Cause of Action, judgment in the amount of $105,543, and

e) for such other further relief as the Court may deem just and proper.


Dated: New York, New York
      June 10, 2022

                                      THE LAW OFFICE OF THOMAS M. MULLANEY

                                      By:   /s/
                                           Thomas M. Mullaney

                                      530 Fifth Avenue, 23rd Floor
                                      New York, New York 10036
                                      (212) 223-0800

                                      *Attorneys for Plaintiff*